IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO, G-49875, ) | |
| ) | |
| Petitioner, ) | No. C 10-0468 CRB (PR) |
| ) | |
| vs. ) | ORDER DENYING PETITION |
| ) | FOR A WRIT OF HABEAS |
| VINCE CULLEN, Acting Warden, ) | CORPUS |
| ) | |
| Respondent. ) | |
| ) | |

      Petitioner, a state prisoner incarcerated at San Quentin State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his state sentence. For the reasons that follow, a writ will be denied.

## BACKGROUND

      On September 25, 2008, petitioner, co-defendant Carl Dehnert and another, unidentified suspect, engaged in an armed home invasion robbery of a house occupied by Dehnert's daughter (Fallon Beddell), her boyfriend (Gerald Sealund) and another couple (Kimberlee McInnis and Brian Mitrick). When Brian Mitirck attempted to dial 911 on his cell phone, petitioner threatened him and his girlfriend with a shotgun, stating, "If 911 is on the phone I'll kill you."

      On October 1, 2008, the Sonoma County District Attorney charged petitioner and Dehnert with three counts of first-degree robbery with allegations that each defendant personally used a firearm; three counts of assault with a firearm; three counts of terrorist threats with allegations that each defendant personally used a firearm; and one count of first-degree burglary with allegations that each defendant personally used a firearm. Petitioner was also charged with

possession of a firearm by an ex-felon and with four prior prison term enhancements.

On February 2, 2009, petitioner, in exchange for a stipulated prison sentence of 13 years eight months, pleaded no contest to one count of first-degree burglary, admitting a gun use enhancement, and one count of criminal threats. He also admitted three prior prison term enhancements.

On February 3, 2009, petitioner was sentenced to the stipulated sentence of 13 years eight months, based on the upper-term of six years for the burglary, the mid-term of four years for the gun use enhancement, an eight-month consecutive term for the terrorist threats, and one year for each of the prior prison term enhancements.

Petitioner appealed and was assigned appellate counsel, who subsequently filed a brief under People v. Wende, 25 Cal. 3d 436 (1979), finding no arguable issues and requesting the California Court of Appeal to review the record independently. Petitioner also filed a pro se habeas petition.

On June 25, 2009, the California Court of Appeal summarily denied the habeas petition and, on January 13, 2010, filed an opinion finding no arguable issues on appeal and affirming the judgment of the trial court.

On July 1, 2009, petitioner filed a pro se habeas petition in the Supreme Court of California. The state high court summarily denied the petition on November 19, 2009.

On February 2, 2010, petitioner filed the instant petition for a writ of habeas corpus under § 2254 challenging the constitutionality of his state sentence. On May 5, 2010, the court found the claims colorable and ordered respondent to show cause why a writ should not be granted. Respondent filed an answer, but petitioner did not file a traverse.

## DISCUSSION

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state

court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.    Claims & Analysis

Petitioner seeks federal habeas corpus relief under § 2254 on the ground that his state sentence is unconstitutional. Specifically, he claims that (1) he received a four-year enhancement for gun use which was not permitted under California law, and that (2) the upper-term of six years he received for first-degree burglary violated his Sixth Amendment rights.

    1.    Gun Use Enhancement

Petitioner claims that the four-year gun use enhancement imposed by the trial court was not permitted under California law because "it[']s not possible to use a gun on a 459 [burglary]" because "courts have to define the use in order to get the enhancement, and that was never defined." Pet. at 4. The claim is without merit.

Petitioner provides no support for his claim that California law did not permit a gun use enhancement in connection with the burglary count. The state penal code clearly provides for an additional penalty when someone personally uses a firearm "in the commission of a felony or attempted felony." Cal. Penal

Code § 12202.5(a). There is no indication that state sentencing law or procedure was violated. But even if it was, federal habeas relief would not be in order.

It is well established that, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). There was no fundamental unfairness here. The record shows that the gun use enhancement was applied pursuant to a plea bargain which provided petitioner with a much lesser sentence (13 years eight months) than he would have faced if he had risked going to trial. See Rep. Tr. at 78-79 (petitioner faced up to 23 years on the burglary charge with the gun enhancement and priors, not including the criminal threats and robbery charges with which petitioner was also charged). It also shows that petitioner was informed that the stipulated sentence included the mid-term of four years on one gun use enhancement, that petitioner specifically admitted in court that he used a gun in the burglary and that petitioner waived his right to a jury trial. See id. at 85-87, 91-92. Petitioner's claim of state sentencing error does not present a meritorious federal habeas claim. Accord Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony" under California's sentence enhancement provisions, Cal. Penal Code §§ 667(a) and 1192.7(c)(23), is question of state sentencing law and does not state constitutional claim).

2.   Upper-Term Sentence for Burglary

Petitioner claims that the trial court's imposition of the upper-term of six years on the burglary count violated his Sixth Amendment right to a jury trial. The claim is without merit.[1]

---

[1] Petitioner also argues that the imposition of additional punishment for his prison priors violated the Fifth Amendment prohibition against double jeopardy.

The Supreme Court has made clear that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Under this rule, the Court later concluded that California's determinate sentencing scheme did not stand up against the Sixth Amendment because it authorized the judge, rather than the jury, to find facts permitting an upper-term sentence. See Cunningham v. California, 549 U.S. 270, 288 (2007).

Petitioner's sentence – including the upper-term of six years he received for the burglary count – does not implicate his Sixth Amendment right to a jury trial because petitioner waived his right to a jury trial in exchange for a stipulated sentence of 13 years eight months. See Blakely v. Washington, 542 U.S. 296, 301 (2004) (6th Amendment not implicated when defendant waives right to jury trial). But even if petitioner had not waived his right to a jury trial in exchange for a stipulated sentence, his Sixth Amendment claim would fail.

At sentencing, the trial court cited various circumstances under California Rule of Court 4.421 that justified the imposition of the upper term. Specifically, the court noted that petitioner was armed or used a weapon to commit the crime; the victims were particularly vulnerable; petitioner threatened the witnesses; the manner in which the crime was carried out indicated planning, sophistication or professionalism; petitioner had engaged in violent conduct that showed a serious danger to society; and petitioner had several prior convictions and had served a prior prison term. See Rep. Tr. at 110-11. Under California law, prior

---

But unfortunately for petitioner, the Supreme Court has made clear that recidivist laws do not implicate double jeopardy. See Parke v. Raley, 506 U.S. 20, 27 (1992).

convictions alone justify the imposition of an upper-term sentence, see People v. Osband, 13 Cal. 4th 622, 728-29 (1996); yet, under the Sixth Amendment, they need not be found true by a jury, see Apprendi, 530 U.S. at 490.  Under these circumstances, it simply cannot be said that petitioner was prejudiced from the trial court's alleged failure to submit all aggravating sentencing factors to the jury.  See Washington v. Recuenco, 548 U.S. 212, 215 (2006) (Apprendi error requires showing of prejudice); Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008) (same).  Petitioner is not entitled to federal habeas relief on his Sixth Amendment claim.  See 28 U.S.C. § 2254(d).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.
SO ORDERED.

DATED:   Nov. 22, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Soto, W1.denial.wpd